UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


CYNTHIA D'ALFONSO,

     Plaintiff,                    LOWER CASE NO.:     22-000199-CI

v.

WAL-MART STORES EAST, LP,

     Defendant.

_____/

## DEFENDANT, WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL WITH INCORPORATED MEMORANDUM OF LAW

Defendant, WAL-MART STORES EAST, LP (hereinafter, "WAL-MART"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81 of the Federal Rules of Civil Procedure, hereby gives notice of the removal of this case from the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida to the United States District Court for the Middle District of Florida, Tampa Division, with full reservation of rights, exceptions and defenses. As grounds for this Notice of Removal, WAL-MART states the following:

### I.     BACKGROUND

1.     This removal is based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441 and 1446(b)(3) with an amount in controversy exceeding the sum

of $75,000.00, exclusive of interest and costs.

2.     On or about January 19, 2022, Plaintiff commenced a civil action against WAL-MART in the Sixth Judicial Circuit Court in and for Pinellas County, Florida, styled *Cynthia D'Alfonso v. Wal-Mart Stores East, LP*, bearing Case No. 22-000199-CI.  [A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A"].

3.     Plaintiff's Complaint was served on WAL-MART's registered agent on January 19, 2022.  [A true and correct copy of the Notice of Service of Process and Summons is attached hereto as composite Exhibit "B"].

4.     Plaintiff's Complaint asserts one count of negligence against WAL-MART.  [*See* Ex. A, ¶¶ 6-9].  Specifically, Plaintiff alleges that, on May 13, 2021, Plaintiff slipped and fell on a "foreign substance" on the floor at a Wal-Mart located at 2677 Roosevelt Blvd., in Clearwater, Florida 33760.  [*See* Ex. A, ¶¶ 6 and 7].  Plaintiff alleges that she sustained serious, continuing and permanent injuries as result of the accident.  [*See* Ex. A, ¶¶ 6 and 9].

5.     Plaintiff alleges that WAL-MART breached its various duties owed to her including the duty to warn her of an alleged dangerous condition which existed on the premises.  [*See* Ex. A, ¶ 8].

6.     On or about February 2, 2022, WAL-MART served its Initial Interrogatories to Plaintiff, and its Request for Production.

7.      On March 8, 2022, Plaintiff filed her sworn Answers to Initial Interrogatories, in which she listed her residence in Clearwater, Pinellas County, Florida. [Plaintiff's Answers is attached hereto as Exhibit "C"].

8.      On August 3, 2022, the Plaintiff also filed her Updated Response to Request for Production. She produced additional medical bills, and medical records. These records included supplement medical bills establishing that the amount in controversy now exceeded $75,000. [A true and correct copy of Plaintiff's Updated Responses and Medical Bills are attached hereto as Composite Exhibit "D"].[1]

9.      In her March 8, 2022 sworn Answers to Interrogatories, Plaintiff itemized  a total of $38,970.73 in past medical bills as damages she incurred as a result of the incident described in the Complaint. [*See* Ex. C, Answer to Interrogatory #12].

10.      Plaintiff's initial Responses and Medical Bills produced on March 8, 2022, reflected medical costs totaling $38,970.73.  [A true and correct copy of Plaintiff's initial Responses and Medical Bills are attached hereto as Composite Exhibit "E"].

---

[1] Wal-Mart has not filed the medical treatement identified in her medical bills or her medical records which Plaintiff submitted with her responses in order to protect the Plaintiff's personal information.  Should the Court wish to see these documents, Wal-Mart can provide same for an *in camera* inspection.

11.     The receipt of Plaintiff's Updated Responses to Request for Production on August 3, 2022, was the first time WAL-MART obtained documents establishing that the amount in controversy exceeded $75,000. **As of August 3, 2022, the Plaintiff has now submitted total past medical bills of $351,415.49.** [*See* Composite Ex. D].

12.     Additionally, Plaintiff is a resident of Pinellas County, Florida, and is a citizen of the State of Florida for purposes of diversity jurisdiction.  [*See* Ex. C].

13.     As demonstrated below, WAL-MART is a limited partnership organized and existing under the laws of Delaware, with its principal place of business in Arkansas.

14.     This matter is therefore now removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

15.     In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is filed within thirty (30) days after service on WAL-MART's receipt of Plaintiff's August 3, 2022 Response to Request for Production. [*See* Ex. D]. Therefore, the Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

16.     A true and correct copy of all process, pleadings, and other papers and/or exhibits of every kind filed with the state court in this action, along with a docket sheet from the Clerk of Court, are attached hereto as composite Exhibit "F"

as required by 28 U.S.C. § 1446(a).

17.     Following the filing of this Notice of Removal with this Court, WAL-MART will file a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d) with the state court where this action is pending and will give written notice thereof to all parties.

18.     WAL-MART reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.     REMOVAL IS TIMELY

19.     In accordance with 28 U.S.C. § 1446(b)(3), WAL-MART files this Notice of Removal within thirty (30) days of its receipt of Plaintiff's August 3, 2022 Updated Responses to WAL-MART's Request for Production. [*See* Ex. D]  The August 3, 2022 Updated Responses to WAL-MART's Request for Production is the first amended pleading, motion, order or other paper wherein the case became removable. Therefore the Notice is timely filed pursuant to 28 U.S.C. § 1446(b)(3).

20.     Venue is proper in this Court because the Sixth Judicial Circuit where Plaintiff filed her state court Complaint is located in Pinellas County, Florida, which is located within the United States District Court for the Middle District of Florida, Tampa Division.

## III.     THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

21.     The above described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court by WAL-MART, pursuant to 28 U.S.C. §§ 1441 and 1446, in that:

> A.     This is an action between citizens of different states; and
>
> B.     This is a civil action in which the amount of the controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

*See* 28 U.S.C. § 1332(a).

**A.     Citizenship of Plaintiff, Cynthia D'Alfonso**

22.     Plaintiff is a resident of Clearwater, Pinellas County, Florida. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is *prima facie* evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (June 1, 2009 S.D. Fla.) (Cohn, J) (internal citations omitted).

23.     Here, Plaintiff's medical bills, medical records, and sworn answers to WAL-MART's Interrogatories indicate that she is a resident of Clearwater, Pinellas County, Florida. [*See* Ex. C; and Ex. D]. Plaintiff's Pinellas County residence is *prima facie* evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

**B.      Citizenship of WAL-MART**

24.     WAL-MART is not a citizen of the State of Florida for diversity purposes in that it is not incorporated under the laws of the State of Florida and because it does not have a principal place of business in Florida.

25.     Wal-Mart Stores East, L.P., is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner.  These are the only partners of Wal-Mart Stores East, L.P. WSE Management, LLC and WSE Investment, LLC were at the time of the filing of the Complaint, and still are, Delaware Limited liability companies.  The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc.  Wal-Mart Stores, Inc., is and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware.  The principal place of business for all entities mentioned is Bentonville, Arkansas.  At no time material has Wal-Mart Stores East, L.P., or its general or limited partners, been a citizen of Florida. [*See* Florida Department of State, Division of Corporations, Detail by Entity Name, attached hereto as Exhibit "G"; and Wal-Mart Declaration attached as Exhibit "H"].

26.     As established in Wal-Mart's Declaration², Wal-Mart Stores East, LP is a foreign limited partnership, which is a Delaware Limited Partnership with its principal place of business in Arkansas.  [*See* Ex. G, ¶¶, 5-14]  (Attesting that the information contained in the Declaration was true through May 19, 2021.).

27.     A corporation is deemed a citizen of the state in which it is incorporated and in which its principal place of business is located.  28 U.S.C. § 1332(c).  *See Advanced Construction and Renovation, Inc. v. Mt. Hawley Ins. Co.,* 2018 WL 797073 at *2 (S.D. Fla. Feb. 9, 2018) ("For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business."). Accordingly, in the present action, complete diversity exists between the parties pursuant to 28 U.S.C. § 1332.

## IV.    AMOUNT IN CONTROVERSY

28.     Furthermore, the statutory requirement that the amount in controversy exceeds $75,000, exclusive of interest and costs, has been satisfied because Plaintiff seeks damages that exceed the minimum jurisdictional threshold.

29.     Here, Plaintiff's Complaint alleges that she sustained serious and permanent injuries and damages from the subject accident that exceed the Circuit

---

² Wal-Mart's May 19, 2021 Declaration was filed in the United States Court of Appeals for the Eleventh Circuit in the matter of *Maria Granela v. Wal-Mart Stores East, LP*, Court of Appeals Docket No. 21-11090-J, but also serves as competent evidence of Wal-Mart's diversity in this action.

Court's $30,000 jurisdictional minimum.  [*See* Ex. A, ¶ 1].  While the Complaint does not specify an amount in controversy, it is clear from Plaintiff's records produced on August 3, 2022, that her claimed damages exceed the jurisdictional minimum in this Court of $75,000.00.

30.     Where, as here, the Plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a ***preponderance of the evidence*** that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (emphasis added); *see also, Williams v. Best Buy Co.*, 269 F. 3d 1316, 1319 (11th Cir. 2001).

31.     "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id.* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)).

32.     The relevant portions of Plaintiff's supplement production which were produced on August 3, 2022, included past medical bills that total

$351,415.49, which conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Additionally, Plaintiff's Complaint alleges damages for pain and suffering, loss of an ability to lead and enjoy a normal life, loss of wages and a loss of wage earning capacity, and the alleged need for future medical care. [*See* Ex. A, ¶ 9].

33.     Plaintiff's representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction.

34.     Therefore, the evidence demonstrates that Plaintiff's claimed damages in the present case far exceed $75,000.00.  Accordingly, WAL-MART has shown by a preponderance of the evidence that the amount in controversy exceeds the Court's jurisdictional minimum, thus rendering removal proper.

## V.     CONCLUSION

This action is removable, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because there exists complete diversity in this matter as the Plaintiff and WAL-MART are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, original jurisdiction of this matter is vested in this Court and WAL-MART respectfully requests that this action proceed in this Court as a matter properly removed.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP, respectfully requests that this action currently pending in the Circuit Court for Pinellas County, Florida be removed to the United States District Court for the Middle District of Florida, Tampa Division, and that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted on this 2nd day of September, 2022.

>  /s/ Shaina M. Druker
> **JERRY D. HAMILTON**
> Florida Bar No.: 970700
> jhamilton@hamiltonmillerlaw.com
> **SHAINA M. DRUKER**
> Florida Bar No.: 100213
> sdruker@hamiltonmillerlaw.com
> **SAMMY H. HAMED**
> Florida Bar No.:  1022546
> shamed@hamiltonmillerlaw.com
> HAMILTON, MILLER & BIRTHISEL, LLP
> 100 South Ashley Drive, Suite 1210
> Tampa, Florida 33602
> Telephone: (813) 223-1900
> Facsimile: (813) 223-1933
> E-Service: smd-serve@hamiltonmillerlaw.com
> *Counsel for Defendant, Wal-Mart Stores East, LP.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 2, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via

transmission of Notices of Electronic Filing generated by CM/ECF or in some

other authorized manner for those counsel or parties who are not

authorized to receive electronically notices of Electronic Filing.


/s/ Shaina M. Druker
**SHAINA M. DRUKER**
Florida Bar No.: 100213


## SERVICE LIST

Kenneth W. Mastrilli, Esq.
FBN:  0360971
THE PAWLOWSKI/MASTRILLI LAW GROUP
1718 East 7th Avenue, Suite 201
(813) 242-4404
Email for service:
Litigation@megajustice.com
Ken@megajustice.com
*Attorney for Plaintiff*